

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

May 27, 1953

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Dear Sir:

Opinion No. S-45

Re: Applicability of the tax levied
under Article 7047-1, V.C.S.,
to radio and television sets
which are given away under the
submitted facts.

Your letter requesting our opinion relative to the above-captioned matter reads in part as follows:

"This department is having some difficulty in determining whether the tax levied under Article 7047-1, R.C.S., applies in cases where radio and television sets are given away as prizes. The situation under which these radio and television sets are given away generally falls into three categories, as follows:

"1. Texas wholesale and retail concerns purchase television and radio sets to be given to their salesmen as awards in contests for the purpose of increasing sales among their salesmen. These sets are either bought locally from a wholesaler or retailer or they are purchased from out-of-state manufacturers and are given to the salesmen by the wholesaler or retailer.

"2. In some instances a retailer or wholesaler purchases sets and offers them as reward to the salesmen for the purpose of promoting increase in sales. These sets are shipped directly from the manufacturer to the salesmen.

"3. There are national manufacturers who are giving television and radio sets to the salesmen of Texas wholesalers and retailers for the promotion of sales of their own manufactured merchandise. These sets are shipped directly to the salesmen and are not in any way associated with the advertising scheme of the Texas wholesaler or retailer; it is a part of the national advertising scheme."

The tax levied by Article 7047-1, V.C.S., is a gross receipts tax, not a sales or use tax. It is only levied against the retail

seller. A retail sale as defined in the statute means "a sale to one who buys for use or consumption, and not for resale."

Gross receipts of a sale means "the sum which the purchaser pays, or agrees to pay for an article or commodity bought at retail sale."

The giving of a radio or a television set as an award is not a "retail sale" as defined by said Article 7047-1. The awardee did not "buy" the radio or television set. Furthermore, there would not be any gross receipts upon which to base the tax. However, when a radio or television set is purchased for the purpose of giving it to salesmen as an award, such purchase would be a retail sale in that the sale was to one who bought for use and not for resale. If this purchase was made in Texas the seller would owe the gross receipts tax thereon. Of course, if the purchase was made from an out-of-state concern the seller would not owe a gross receipts tax thereon for the reason that a state can only levy a gross receipts tax against those who are doing business in that state.

## SUMMARY

The giving of a radio or television set as an award is not a "retail sale" as defined by Article 7047-1, V.C.S. The purchase of a radio or television set to be used as an award constitutes a retail sale and the seller, if located in Texas, would owe the gross receipts tax by reason of such sale.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

C. K. Richards
Reviewer

Robert S. Trotti
First Assistant

By W. V. Geppert

W. V. Geppert
Assistant

John Ben Shepperd
Attorney General